IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH LEE TAYLOR,  )  No. C 12-05225 EJD (PR)
      Plaintiff,  )  ORDER OF DISMISSAL WITH LEAVE
  vs.  )  TO AMEND; DENYING MOTION TO APPOINT COUNSEL
MATTHEW CATE, et al.,  )
      Defendants.  )
_____  )  (Docket No. 3)

Plaintiff, a state prisoner at Pelican Bay State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff presents several allegations that he was denied access to the courts and his inmate appeals were improperly denied. Plaintiff states that in Taylor v. Ayers, No. C 07-04147 MMC, prison staff hindered his ability to litigate the case as he was only provided one and a half hours in the law library to file a Certificate of Appealability ("COA"), which was insufficient and as a result the COA was denied. Court records indicate that Plaintiff had already been provided an extension and the COA Plaintiff filed was 61 pages with another 131 pages of exhibits and was quite extensive. (Docket No. 32, Taylor v. Ayers, No. C 07-04147 MMC.) The Court found Petitioner's arguments to be unpersuasive and denied the COA. (Docket No. 36, Taylor v. Ayers, No. C 07-04147 MMC.) Plaintiff also argues he was not allowed a copy of all 192 pages of the COA for his own records, only the first 100 pages. Plaintiff states he needed a complete copy for his next parole board hearing.

Finally, plaintiff alleges that prison staff caused him to file a late petition for certiorari with the Supreme Court apparently regarding his COA. Plaintiff states he finished his petition to the Supreme Court on July 29, 2011, for an August 1, 2011, deadline. Plaintiff states that prison staff did not mail the petition until August 3, 2011. Plaintiff also states that the Supreme Court Clerk did not correctly apply the mailbox rule and should have deemed the petition mailed on July 29, 2011.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey,

Order of Dismissal w/Leave to Amend; Denying Motion to Appoint Counsel
05225Taylor_dwlta.wpd                                    2

1  518 U.S. 343, 350 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).[1]  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See <u>Lewis</u>, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See <u>id.</u> at 354-55.

Plaintiff's complaint will be DISMISSED with leave to amend as he has failed to demonstrate an actual injury caused by defendants.  Plaintiff was able to send an application for a COA to the district court in <u>Taylor v. Ayers</u>, No. C 07-04147 MMC, thus there was no hindrance.  Nor has plaintiff explained why he needed copies of the COA for his next parole hearing or even if he suffered any injury from not having a copy.  With respect to the petition for certiorari, that the Clerk of the Supreme Court allegedly did not properly apply the mailbox rule is not actionable against prison staff.  Nor has Plaintiff provided sufficient information regarding the prison staff who delayed the mailing of the petition and what occurred, as he has not even identified the defendants.

Plaintiff is also informed that there is no constitutional right to a prison administrative appeal or grievance system.  See <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  Accordingly, Plaintiff's allegation that his inmate grievances were improperly denied cannot be the sole basis for liability.

---

[1] The constitutional source of the right of access to the courts is not settled.  See <u>Christopher v. Harbury</u>, 536 U.S. 403, 413-14 & 415 n.12 (2002); <u>Lewis v. Casey</u>, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring).  Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses.  <u>Christopher</u>, 536 U.S. at 415 n.12 (citing cases).  The Ninth Circuit also has found various constitutional sources for the right.  See, e.g., <u>Cornett v. Donovan</u>, 51 F.3d 894, 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses); <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995) (use of prison grievance procedure protected by prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); <u>see also</u> <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989) (nonprisoner case finding right of access to courts subsumed under 1st Amendment).

C. <u>Counsel</u>

Plaintiff has also filed a motion for appointment of counsel. (Docket No. 3.) Plaintiff's motion is DENIED without prejudice for lack of exceptional circumstances. See <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion to appoint counsel, (Docket No. 3), is DENIED.

2. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-05225 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 12/6/2012

EDWARD J. DAVILA
United States District Judge

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\1Shonda to Process\Processed\05225Taylor_dwlta.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR et al, | Case Number: CV12-05225 EJD |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MATTHEW CATE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Lee Taylor J-89634
SHU D9-12 / Low
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

Dated: December 7, 2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk