IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH LEE TAYLOR, | ) | No. C 12-05225 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| MATTHEW CATE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner at Pelican Bay State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal
05225Taylor_dis.wpd                         1

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff states that he was denied access to the courts and his inmate appeals were improperly denied. Plaintiff states that in his habeas case, Taylor v. Ayers, No. C 07-04147 MMC, prison staff hindered his ability to litigate the case as he was only provided one and a half hours in the law library to file a Certificate of Appealability ("COA"), which was insufficient and as a result the COA was denied. Court records indicate that Plaintiff had already been provided an extension and the COA Plaintiff filed was 61 pages with another 131 pages of exhibits and was quite extensive. (Docket No. 32, Taylor v. Ayers, No. C 07-04147 MMC.) The Court found Petitioner's arguments to be unpersuasive and denied the COA. (Docket No. 36, Taylor v. Ayers, No. C 07-04147 MMC.) The Ninth Circuit also denied the request for a COA. (Docket No. 49, Taylor v. Ayers, No. C 07-04147 MMC.) Plaintiff also argues he was not allowed a copy of all 192 pages of the COA for his own records, only the first 100 pages. Plaintiff states he needed a complete copy for his next parole board hearing.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).[1] To establish a

---

[1] The constitutional source of the right of access to the courts is not settled. See Christopher v. Harbury, 536 U.S. 403, 413-14 & 415 n.12 (2002); Lewis v. Casey, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Christopher, 536 U.S. at 415 n.12 (citing cases). The Ninth Circuit also has

Order of Dismissal
05225Taylor_dis.wpd                              2

1  claim for any violation of the right of access to the courts, the prisoner must prove that
2  there was an inadequacy in the prison's legal access program that caused him an actual
3  injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show
4  that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous
5  claim concerning his conviction or conditions of confinement. See id. at 354-55.
6  Plaintiff is also informed there is no constitutional right to a prison administrative appeal
7  or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.
8  Adams, 855 F.2d 639, 640 (9th Cir. 1988).
9        Plaintiff has failed to demonstrate an actual injury regarding the denial of his
10 COA. He was provided an extension by the court and was able to file an extensive and
11 well reasoned COA. That he wanted more time to research and the COA was denied does
12 not show an actual injury. Nor does only being allowed to copy 100 pages of the 192
13 COA for use at his parole hearing show an injury. Plaintiff states the COA was needed to
14 demonstrate that his crime was not as violent as it appeared. Yet, a parole hearing is not
15 the venue to be challenging his underlying conviction nor is it clear why he needed the
16 entire 192 page COA to present his arguments. As Plaintiff's ability to litigate his case
17 was not hindered, in that he was able to file the COA, the complaint will be dismissed.
18 As Plaintiff has already been provided an opportunity to amend, and as it is clear that
19 further amendment would be futile, this case is dismissed without leave to amend. See
20 Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).
21 ///
22 ///
23 ///
24
25 found various constitutional sources for the right. See, e.g., Cornett v. Donovan, 51 F.3d 894,
26 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (use of prison grievance procedure protected by
27 prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th
28 Cir. 1989) (nonprisoner case finding right of access to courts subsumed under 1st Amendment).

Order of Dismissal
05225Taylor_dis.wpd       3

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED without leave to amend.

DATED: 2/14/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH LEE TAYLOR,

        Plaintiff,

  v.

MATTHEW CATE, et al.,

        Defendants.

Case Number CV 12-05225 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/15/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Kenneth Lee Taylor**
J-89634
SHU D9-12 / Low
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

DATED: _____2/15/2013_____
                          Richard W. Wieking, Clerk
                      /s/ By: Elizabeth Garcia, Deputy Clerk